**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6879

RONALD MILES,

Petitioner - Appellant,

versus

RONALD J. ANGELONE,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CA-00-204-1-TSE)

Submitted: December 21, 2005          Decided: January 19, 2006

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Ronald Miles, Appellant Pro Se. Thomas Drummond Bagwell, Assistant Attorney General, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald Miles seeks to appeal the district court's orders denying his Fed. R. Civ. P. 60(b) motion seeking reconsideration of the court's order denying Miles's habeas corpus petition filed under 28 U.S.C. § 2254 (2000), and denying his subsequent Fed. R. Civ. P. 59 motion. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Miles has not made the requisite showing. Accordingly, we deny Miles's motion for a certificate of appealability, deny his motions for appointment of counsel, to disqualify the district court judge, and for reconsideration of the denial of his motion to remand, and dismiss the appeal.

Additionally, we construe Miles's notices of appeal and informal brief as an application to file a second or successive petition under 28 U.S.C. § 2254. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2000). Miles's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>